IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:14-cv-62793-BLOOM/Valle

REGINALD CHATMAN,

    Plaintiff

v.

DEPUTY WENGERT,

    Defendant.
_____/

## DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

Defendant, Deputy Wengert, by and through his undersigned counsel, hereby submits his Proposed Voir Dire Questions, as follows:

A.    GENERAL VOIR DIRE (general to civil lawsuits):

1. Present address, in general terms only?
2. Years of residence in Florida?
1. Your former residence?
3. Your present occupation?
4. Name of employer?
5. If you are not employed, your last occupation and employer?
6. Marital status?
7. Spouse's employment, if any?
8. Children, if any?
9. Employment of children, if any?
10. Have you served as a juror before?
11. Have you or any member of your immediate family been a party to any lawsuit, and if so, when and in what court?

1

12. Has a claim for personal injuries ever been made against you or any member of your family?

13. Have you or any member of your family ever made a claim for personal injuries?

14. What are your hobbies?

B. SPECIFIC VOIR DIRE:

15. Do you know any of the parties?

16. Do you know the attorneys for Defendants, Richard Woulfe and/or Brad Kimber?

17. Do you know the Plaintiff, Reginald Chatman?

18. Do you know the attorneys for Plaintiff, Gary Michael Pappas or Michael Sloan?

19. Do you know Deputy Gerald Wengert?

20. Do you know anyone currently or formerly employed by the Broward County Sheriff's Office?

21. Do you have any preconceived opinions or notion about this case?

22. Do you have any preconceived opinions or notions about civil trials and/or civil rights suits?

    a) Do you have any reservation being asked to determine whether the testimony of each witness makes sense and sounds reasonable or not?

    b) Do you have any problem being asked to determine whether each witnesses' or these specific parties' testimony is believable in general?

23. Will your prior jury service, if any, affect your ability to try this case fairly?

24. Would you have any problem awarding zero damages if the facts and the evidence do not support an award of damages?

25. Do you have any bias or notions about Plaintiff or Defendants?

26. Are you closely related to or do you have any close relatives or friends who are either law enforcement officers or who have worked for a law enforcement agency?

    a) Have you ever been employed by the Broward County Sheriff's Office?

    b) Are you closely related to or do you have any close relatives or friends who have worked for the Broward County Sheriff's Office?

27. Would that relationship, if any, affect your ability to fairly try this case?

28. Would that relationship lend more or less weight to Deputy Wengert or Reginald Chatman?

29. Have you or any family member ever been a victim of a crime?

30. Have you or any family member or close friend ever been arrested?

31. If you or a close member of your family or close friend has ever been arrested, was there a problem in either the arrest or with the following incarceration with law enforcement?

32. Have you or any member of your family been in the military? If yes, request details.

33. Have you ever had any unpleasant experiences with law enforcement?

    a) Have any such experiences involved the Broward County Sheriff's Office?

34. Are you familiar with law enforcement techniques, and the use of law enforcement officer's techniques in effecting an arrest?

35. Have you or a member of your family or a loved one ever been employed by a national, state or local government?

36. Would you say your experience with local, state, and/or national government agencies have been positive or negative?

37. Would those type of events affect your ability to fairly try this case?

38. Do you believe the testimony from a law enforcement officer is more or less

credible than anyone else?

39. Do you have any preconceived notions or opinions about the use of law enforcement service dogs, K9's? If so, what are they?

40. Will those opinions affect your ability to fairly try this case?

41. Have you or any person you know ever been bitten by a dog?

42. Do you believe that it is inappropriate for law enforcement to use canines as a tool to apprehend suspects?

43. Do you have any preconceived notions or opinions about what does or does not constitute a civil rights violation?

44. Will you agree to follow the law as the Court instructs you regardless of whether you agree or disagree with it?

45. Have you ever been stopped by police for reasons you believe were wrong?

46. Do you have any opinions of law enforcement that would in any way affect your ability to try this case fairly?

47. Would you disbelieve a witness any less because he is a law enforcement officer?

48. Would you believe a witness any less because a witness is a law enforcement officer?

49. Plaintiff will go first in the presentation of evidence because they have the burden of proof. Can you wait until you have heard the evidence presented by Deputy Wengert before making up your mind regarding the issues in this case?

50. Do you understand that the Plaintiff bears the burden of proof in civil cases?

51. Do you understand that the judicial system is a fault system, you must first find the Defendant at fault before you award money damages?

52. Do you understand that the Plaintiff must prove the Defendant is at fault?

53. Do you understand that just because the Plaintiff has sued does not automatically mean that the Defendant did anything wrong?

54. Do you understand that if you feel the Plaintiff has not met his burden of proof you must find for Deputy Wengert?

55. Do you understand that you are not supposed to second guess any of the testimony?

56. Do you believe the Defendants have a right to come in here and contest the Plaintiff's claims?

57. Have you or a member of your family ever made a claim against someone for personal injuries or filed a lawsuit?

58. Have you or a member of your family ever been sued or had a claim for personal injuries made against you?

Dated:   September 26, 2017

Respectfully submitted,

By: _____
RICHARD T. WOULFE
Florida Bar No.:   222313
BRAD J. KIMBER
Pleadings.rtw@bclmr.com
BILLING, COCHRAN, LYLES, MAURO
   & RAMSEY, P.A.
515 East Las Olas Boulevard, 6th Floor
Fort Lauderdale, FL 33301
Phone: 954-764-7150, Fax: 954-764-7279
***Counsel for Defendant, Deputy Wengert***

## CERTIFICATE OF SERVICE

I hereby certify that on 26 day of September, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                      */s/ Richard T. Woulfe*
                                                      RICHARD T. WOULFE

*Case Name:* REGINALD CHATMAN v. DEPUTY WENGERT
*CASE NO.:* 0:14-cv-62793-BLOOM/Valle

## SERVICE LIST

Gary Michael Pappas, Esq,
Michael Sloan, Esq.
Carlton Fields Jorden Burt, P.A.
100 Southeast 2nd Street
Miami, FL 33131
Telephone: (305)530-0050
Fax: (305)530-0055
**gpappas@carltonfields.com**
**ppowers@carltonfields.com**
**miaecf@cfdom.net**
*By CM/ECF*