**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 14-cv-62793-BB**

REGINALD CHATMAN,
    Plaintiff,

v.

DEPUTY GERALD WENGERT,
    Defendant.
_____/

## **PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS**

Plaintiff, Reginald Chatman ("Chatman"), hereby submits proposed voir dire questions, pursuant to this Court's August 15, 2017 Order Scheduling Trial and Order of Instructions Before Calendar Call, as amended:

1. The Plaintiff is a convicted felon who is presently incarcerated. In light of this fact, is there any member of the jury panel who feels that he or she would not be able to sit and listen to the evidence in this case and be fair to both the Plaintiff and the Defendant?

2. The Defendant is a law enforcement officer employed by the Broward Sheriff's Office. In light of this fact, is there any member of the jury panel who feels that he or she would not be able to sit and listen to the evidence in this case and be fair to both the Plaintiff and the Defendant?

3. The Plaintiff is African-American and the Defendant is White. In light of these facts, is there any member of the jury panel who feels that he or she would not be able to sit and listen to the evidence in this case and be fair to both the Plaintiff and the Defendant?

4. Is there any member of the jury panel who is employed by a law enforcement agency in any capacity or who has a family member, relative, or close friend that is employed by a law enforcement agency in any capacity?

5. Is there any member of the jury panel who would be more likely to believe -- or less likely to believe -- a law enforcement officer's testimony simply because that person is a law enforcement officer?

6. Is there any member of the jury panel who feels that suspected criminals are afforded too many rights -- or too few rights – during their arrest such that he or she would not be able

    to sit and listen to the evidence in this case and be fair to both the Plaintiff and the Defendant?

7. Is there any member of the jury panel who feels that law enforcement officers are afforded too much power -- or too little power – when arresting suspected criminals that he or she would not be able to sit and listen to the evidence in this case and be fair to both the Plaintiff and the Defendant?

8. Is there any member of the jury panel who would not be able to find that the Defendant used excessive force while arresting the Plaintiff solely because he is a convicted felon, even if the Plaintiff proved his case by the greater weight of the evidence?

9. Is there any member of the jury panel who would not be able to award money damages to the Plaintiff solely because he is a convicted felon, even if the Plaintiff proved his case by the greater weight of the evidence?

10. Is there any member of the jury panel who would not be able to enter a verdict for the Defendant solely because he is a law enforcement officer, even if the Plaintiff failed to prove his case by the greater weight of the evidence?

Dated: September 26, 2017

Respectfully submitted,

*/s/ Gary M. Pappas*
Gary M. Pappas (FBN 705853)
GPappas@carltonfields.com
Michael D. Sloan (FBN 104385)
MSloan@carltonfields.com
PPowers@carltonfields.com
SOlit@carltonfields.com
miaecf@cfdom.net
CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower, Suite 4200
100 S.E. Second Street
Miami, Florida 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
*Counsel for Plaintiff Reginald Chatman*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 26, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

> */s/ Gary M. Pappas*
> Gary M. Pappas (FBN 705853)