IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:14-cv-62793-BLOOM/Valle

REGINALD CHATMAN,

     Plaintiff

v.

DEPUTY WENGERT,

     Defendant.

_____/

## PARTIALLY JOINT AND PARTIALLY COMPETING PROPOSED JURY INSTRUCTIONS AND COMPETING PROPOSED VERDICT FORMS

Plaintiff, Reginald Chatman ("Chatman"), and Defendant, Deputy Gerald Wengert ("Deputy Wengert") hereby submit partially joint and partially competing proposed jury instructions (attached as **Exhibit A**) and competing proposed verdict forms (attached as **Exhibit B**), pursuant to this Court's August 15, 2017 Order Scheduling Trial and Order of Instructions Before Calendar Call, as amended.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel hereby certify that they have conferred with each other, and have agreed on the proposed jury instructions marked below as JOINT. Undersigned counsel hereby certify that they have conferred with each other, and despite their efforts, have not been able to agree on the remaining proposed jury instructions or the verdict form.

Date: September 26, 2017                                  Respectfully submitted,

By:   */s/ Gary M. Pappas*
   Gary M. Pappas (FBN 705853)
   GPappas@carltonfields.com
   Michael D. Sloan (FBN 104385)
   MSloan@carltonfields.com
   CBussone@carltonfields.com
   SOlit@carltonfields.com
   miaecf@cfdom.net
   CARLTON FIELDS JORDEN BURT, P.A.
   Miami Tower, Suite 4200
   100 S.E. Second Street
   Miami, Florida 33131
   Telephone:  (305) 530-0050
   Facsimile:  (305) 530-0055
   ***Counsel for Plaintiff Reginald Chatman***

By:   */s/ Richard T. Woulfe*
   RICHARD T. WOULFE
   Florida Bar No. 222313
   rtw@bclmr.com
   BRAD KIMBER
   Florida Bar No. 98634
   bjk@bclmr.com
   BILLING, COCHRAN, LYLES, MAURO
   & RAMSEY, P.A.
   515 East Las Olas Boulevard, 6th Floor
   Fort Lauderdale, FL 33301
   Phone: 954-764-7150
   ***Attorneys for Defendant***

112974300.1                                         2

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 26, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Gary M. Pappas*
Gary M. Pappas (FBN 705853)

# EXHIBIT "A"

## **JOINT General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion. Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence"—simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

The evidence presented to you during the trial will primarily consist of the testimony of witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available**. You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available**. On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them. First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did—unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may

answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case. I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's

credibility.

Description of the case:

Plaintiff, Reginald Chatman, seeks compensatory and punitive damages against Defendant, Deputy Wengert, pursuant to 42 U.S.C. § 1983. Mr. Chatman alleges that on November 10, 2014, Deputy Wengert violated Mr. Chatman's Fourth Amendment constitutional rights by using excessive force while placing Mr. Chatman under arrest. The parties have stipulated that Deputy Wengert ordered his K9 partner, Diesel, to engage Mr. Chatman. The parties have also stipulated that Mr. Chatman's arrest and Deputy Wengert's initial decision to order Diesel to engage Mr. Chatman were lawful. Mr. Chatman's claim in this case is that Deputy Wengert failed to order Diesel to release Mr. Chatman within a reasonable period of time, which constituted excessive force under the circumstances and resulted in compensable injuries. Deputy Wengert denies Mr. Chatman's claim that he failed to order Diesel to release him within a reasonable period of time, maintains that reasonable force was used in apprehending Mr. Chatman under the circumstances, and denies that Mr. Chatman suffered any compensable injuries. The parties have stipulated that, at all material times, Deputy Wengert acted under color of state law and that his arrest of Mr. Chatman was in the course and scope of his employment as a Broward County Sheriff's Office Deputy duly appointed by the Sheriff.

Burden of proof:

Mr. Chatman has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Mr. Chatman must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Mr. Chatman and the evidence favoring Deputy Wengert on opposite sides of balancing scales, Mr. Chatman needs to make the scales tip to his side. If Mr. Chatman fails to meet this burden, you must find in

favor of Deputy Wengert.

To decide whether any fact has been proved by a preponderance of the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Deputy Wengert has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Deputy Wengert must prove for any affirmative defense. After considering all the evidence, if you decide that Deputy Wengert has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Mr. Chatman will present his witnesses and ask them questions. After Mr. Chatman questions the witness, Deputy Wengert may ask the witness questions—this is called "cross-examining" the witness. Then Deputy Wengert will present his witnesses, and Mr. Chatman may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.[1]

Given   _____
Given as Modified   _____
Denied   _____
Withdrawn   _____

---

1 Source: Eleventh Circuit Civil Pattern Jury Instructions (2013 ed.) (hereinafter "Eleventh Circuit Pattern Instructions"), Preliminary Instruction 1.1.

## **JOINT Jury Instruction No.**

## **Introduction**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go into the jury room and begin your discussions, sometimes called deliberations.[2]

Given  _____
Given as Modified  _____
Denied  _____
Withdrawn  _____

---

[2] Source:  Eleventh Circuit Pattern Instructions, Basic Instruction 3.1.

112974300.1

## **JOINT Jury Instruction No.**

### **Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case. [3]

Given   _____

Given as Modified   _____

Denied   _____

Withdrawn   _____

---

[3] Source:  Eleventh Circuit Pattern Instructions, Trial Instruction 2.1.

112974300.1

## JOINT Jury Instruction No.

## Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

*If necessary:*

The sworn statement of Reginald Chatman, taken on November 12, 2015, by the State Attorney's Office is about to be presented to you by a reading the transcript. Sworn testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

*If necessary:*

The deposition of Reginald Chatman, taken on November 16, 2015, is about to be presented to you by a reading the deposition transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

*If necessary:*

The deposition of Deputy Wengert, taken on March 21, 2016, is about to be presented to you by a reading the deposition transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.[4]

---

[4] Source: Eleventh Circuit Pattern Instructions, Trial Instruction 2.2.

112974300.1

Given _____
Given as Modified _____
Denied _____
Withdrawn _____

15

## **JOINT Jury Instruction No.**

### **Consideration of the Evidence Duty to Follow Instructions**
### **No Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.[5]

Given  _____

Given as Modified  _____

Denied  _____

Withdrawn_____

---

[5] Source:  Eleventh Circuit Pattern Instructions, Basic Instruction 3.2

112974300.1

## **JOINT Jury Instruction No.**

### **Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?[6]

Given _____
Given as Modified _____
Denied _____
Withdrawn _____

---

[6] Source:  Eleventh Circuit Pattern Instructions, Basic Instruction 3.4.

112974300.1

**JOINT Jury Instruction No.**

<u>**Impeachment of Witnesses Because of**</u>
<u>**Inconsistent Statement or Felony Conviction**</u>

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.[7]

Given  _____
Given as Modified  _____
Denied  _____
Withdrawn  _____

---

[7] Source:  Eleventh Circuit Pattern Instructions, Basic Instruction 3.5.2.
112974300.1

**JOINT Jury Instruction No.**

**Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law. [8]

Given    _____
Given as Modified    _____
Denied    _____
Withdrawn    _____

---

[8] Source:  Eleventh Circuit Pattern Instructions, Preliminary Instruction 1.4.

112974300.1

## JOINT Jury Instruction No.

### Consideration of Direct and Circumstantial
### Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinions about any factual issue in this case. Except or my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decisions about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence. [9]

Given  _____
Given as Modified  _____
Denied  _____
Withdrawn  _____

---

[9] Source:  Eleventh Circuit Pattern Instructions, Basic Instruction 3.3.

112974300.1

**JOINT Jury Instruction No.**

**Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' view of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.[10]

Given _____
Given as Modified _____
Denied _____
Withdrawn _____

---

[10] Source:  Eleventh Circuit Pattern Instructions, Preliminary Instruction 1.5.

## JOINT Jury Instruction No.

### Responsibility for Proof - Plaintiff's Claim - Preponderance of the Evidence

In this case it is the responsibility of Mr. Chatman to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Mr. Chatman's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Mr. Chatman.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Mr. Chatman's claim by a preponderance of the evidence, you should find for Deputy Wengert as to that claim.[11]

Given _____
Given as Modified _____
Denied _____
Withdrawn _____

---

[11] Source:  Eleventh Circuit Pattern Instructions, Basic Instruction 3.7.1.

112974300.1

23

## COMPETING INSTRUCTIONS

### PLAINTIFF'S Proposed Jury Instruction No.

### Civil Rights—42 U.S.C. § 1983 Claims—Fourth Amendment Claim— Private Person Alleging Excessive Force

In this case, Mr. Chatman claims that Deputy Wengert, while acting "under color of state law", intentionally deprived him of his rights under the United States Constitution.

Specifically, Mr. Chatman claims that while Deputy Wengert was acting "under color of state law" as a member of the Broward Sheriff's Office, Deputy Wengert intentionally committed acts that violated Mr. Chatman's constitutional right to be free from the use of excessive or unreasonable force during an arrest.

Under the Fourth Amendment to the United States Constitution, every person has the right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer—even though the arrest is otherwise made in accordance with the law.

A person may sue in this court for an award of money damages against anyone who, "under color of state law", intentionally commits acts that violate the person's rights under the United States Constitution.

To succeed on this claim, Mr. Chatman must prove each of the following facts by a preponderance of the evidence:

First:    That Deputy Wengert intentionally committed acts that violated Mr. Chatman's federal constitutional right not to be subjected to excessive or unreasonable force during an arrest;

Second:    That Deputy Wengert acted under color of state law; and

Third:    That Deputy Wengert's conduct caused Mr. Chatman's injuries.

For the second fact I just discussed, the parties have stipulated or agreed that Defendant, Deputy Wengert, acted "under color" of state law and you should, therefore, accept that fact as proven.

Mr. Chatman claims that Deputy Wengert used excessive force when arresting him. Every person has the constitutional right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer—even though the arrest is otherwise lawful. But in making a lawful arrest, an officer has the right to use reasonably necessary force to complete the arrest. Whether a specific use of force is excessive or unreasonable depends on factors such as the crime's severity, whether a suspect poses an immediate violent threat to others, and whether the suspect resists or flees.

*For the first fact I just discussed,* you must decide whether the force Deputy Wengert used in making the arrest was excessive or unreasonable based on the degree of force a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances. Deputy Wengert's underlying intent or motivation is irrelevant, *except as set forth in the Court's upcoming punitive damages instruction.*

*For the third fact I just discussed,* Deputy Wengert's conduct caused Mr. Chatman's injuries if Mr. Chatman would not have been injured without Deputy Wengert's conduct, and the injuries were a reasonably foreseeable consequence of Deputy Wengert's conduct.

If you find in Mr. Chatman's favor for each fact that he must prove, you must decide the issue of his compensatory damages. To recover compensatory damages Mr. Chatman must prove by a preponderance of the evidence that he would not have been

damaged without Deputy Wengert's conduct, and the damages were a reasonably foreseeable consequence of Deputy Wengert's conduct.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Mr. Chatman's damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize Deputy Wengert. And you must not base these compensatory damages on speculation or guesswork.

To determine whether and how much Mr. Chatman should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury—tangible and intangible. Mr. Chatman does not have to introduce evidence of a monetary value for intangible things like mental anguish. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Mr. Chatman has proved them by a preponderance of the evidence, and no others:

(a) Mr. Chatman's physical injuries, including ill health, physical pain and suffering, disability, disfigurement, discomfort, and any such physical harm that Mr. Chatman is reasonably certain to experience in the future; and

(b) Mr. Chatman's mental and emotional distress, impairment of reputation, personal humiliation, and any related harm that Mr. Chatman is reasonably certain to experience in the future.

[[Nominal Damages. You may award $1.00 in nominal damages and no compensatory damages if you find that: (a) Mr. Chatman has submitted no credible evidence of injury; or (b) Mr. Chatman's injuries have no monetary value or are not quantifiable with any reasonable certainty; or (c) Deputy Wengert used both justifiable and unjustifiable force against Mr. Chatman and it is entirely unclear whether Mr.

Chatman's injuries resulted from the use of justifiable or unjustifiable force.]]

<u>Punitive Damages</u>: Mr. Chatman also claims that Deputy Wengert's acts were done with malice or reckless indifference to Mr. Chatman's federally protected rights, which would entitle Mr. Chatman to an award of punitive damages in addition to compensatory damages. Mr. Chatman must prove by a preponderance of the evidence that he is entitled to punitive damages.

If you find for Mr. Chatman and find that Deputy Wengert acted with malice or reckless indifference to Mr. Chatman's federally protected rights, the law allows you, in your discretion, to award Mr. Chatman punitive damages as a punishment for Deputy Wengert and as a deterrent to others.

Deputy Wengert acts with malice if his conduct is motivated by evil intent or motive. Deputy Wengert acts with reckless indifference to the protected federal rights of Mr. Chatman when Deputy Wengert when Deputy Wengert engages in conduct with a callous disregard for whether the conduct violates Mr. Chatman's protected federal rights.

If you find that punitive damages should be assessed, you may consider the evidence regarding Deputy Wengert's financial resources in fixing the amount of punitive damages to be awarded.[12]

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

---

[12] Source: Eleventh Circuit Pattern Instructions, Civil Rights Constitutional Claims 5.2 (Fourth Amendment).

112974300.1

## DEFENDANT'S Jury Instruction No.

### Civil Rights - 42 U.S.C. § 1983 Claims
### Fourth Amendment Claim - Private Person Alleging Excessive Force

In this case, Mr. Chatman claims that Deputy Wengert, while acting "under color of state law", intentionally deprived him of his rights under the United States Constitution.

Specifically, Mr. Chatman claims that while Deputy Wengert was acting "under color of state law" as a member of the Broward Sheriff's Office, Deputy Wengert intentionally committed acts that violated Mr. Chatman's constitutional right to be free from the use of excessive or unreasonable force during an arrest.

Under the Fourth Amendment to the United States Constitution, every person has the right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer—even though the arrest is otherwise made in accordance with the law.

A person may sue in this court for an award of money damages against anyone who, "under color of state law", intentionally commits acts that violate the person's rights under the United States Constitution.

To succeed on this claim, Mr. Chatman must prove each of the following facts by a preponderance of the evidence:

First:     That Deputy Wengert intentionally committed acts that violated Mr. Chatman's federal constitutional right not to be subjected to excessive or unreasonable force during an arrest;

Second:     That Deputy Wengert acted under color of state law; and

Third:        That Deputy Wengert's acts were the proximate or legal cause of damages sustained by Reginald Chatman.

In this case, the parties have stipulated or agreed that Defendant, Gerald Wengert, acted "under color" of state law and you should, therefore, accept the fact as proven.

Mr. Chatman claims that Deputy Wengert used excessive force when arresting him. Every person has the constitutional right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer—even though the arrest is otherwise lawful. But in making a lawful arrest, an officer has the right to use reasonably necessary force to complete the arrest. Whether a specific use of force is excessive or unreasonable depends on factors such as the crime's severity, whether a suspect poses an immediate violent threat to others, and whether the suspect resists or flees.

You must decide whether the force Deputy Wengert used in making the arrest was excessive or unreasonable based on the degree of force a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances. Deputy Wengert's underlying intent or motivation is irrelevant.

If the greater weight of the evidence does not support the claim of Plaintiff, your verdict should be for Deputy Wengert. However, if the greater weight of the evidence does support the claim of Plaintiff, then you shall consider the affirmative defenses raised by the Defendant.

## COMPETING INSTRUCTIONS

### PLAINTIFF'S Jury Instruction No.
### Responsibility for Proof—Affirmative Defense
### Preponderance of the Evidence

None, not applicable to "justifiable use of force" or "qualified immunity".

### DEFENDANT'S Jury Instruction No.
### Responsibility for Proof—Affirmative Defense
### Preponderance of the Evidence

In this case, Deputy Wengert asserts the affirmative defenses of justification in the use of force in marking the arrest of Plaintiff. The force that may be used by a law enforcement officer when effecting an arrest is that force which an ordinary, prudent, and intelligent person, with the knowledge and in the situation of the arresting officer, would have deemed necessary under the circumstances. Therefore, Deputy Wengert is liable for the use of excessive force only if Plaintiff shows, by the greater weight of the evidence, that the Defendant used force that exceeded that which appeared reasonably necessary under the circumstances to carry out the duties imposed upon law enforcement officers by the public.

As to the defense, you are instructed that the justifiable use of force by a police officer in arresting a person is a complete defense to an allegation of excessive force by a law enforcement officer. An officer is justified in the use of any force which he or she reasonably believes to be necessary to defend himself or herself or another from bodily harm while making the arrest. An officer is justified in the use of any force when necessarily committed in arresting felons who have escaped. An officer is justified in the use of any force when necessarily committed in arresting felons fleeing from justice and the officer reasonably believes that the fleeing felon poses a threat of death or serious

112974300.1

30

physical harm to the officer or others; or the officer reasonably believes the fleeing felon has committed a crime involving the infliction or threatened infliction of serious physical harm to another person.

Deputy Wengert has raised the affirmative defense of qualified immunity. Should you determine by the greater weight of the evidence that a reasonable officer could have believed Gerald Wengert's use of force to be lawful, in light of clearly established law and the information Gerald Wengert possessed, your verdict will be for Gerald Wengert.

I have previously provided you with instructions concerning the definition of "greater weight of the evidence," and those instructions apply with equal force to your consideration of the defense of qualified immunity.

Even if Mr. Chatman proves his claim by a preponderance of the evidence, Deputy Wengert can prevail in this case if he proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that Deputy Wengert does not have to disprove Mr. Chatman's claim, but if Deputy Wengert raises an affirmative defense, the only way he can prevail on that specific defense is if he proves that defense by a preponderance of the evidence. [13]

Given   _____
Given as Modified   _____
Denied   _____
Withdrawn   _____

---

[13] Source: Eleventh Circuit Pattern Instructions, Basic Instruction 3.7.2.

112974300.1

## COMPETING INSTRUCTIONS

### PLAINTIFF'S Jury Instruction No.
#### Damages

None, subsumed within Instruction 5.2 above (at pages 24 through 27).

### DEFENDANT'S Jury Instruction No.

#### Damages

If you should find for the Plaintiff and against the Defendant after consideration of Defendant affirmative defenses, you must then decide the issue of the Plaintiff's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for the constitutional deprivation, such damages would not have occurred.

In considering the issue of the Plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

To recover compensatory damages Mr. Chatman must prove by a preponderance of the evidence that he would not have been damaged without Deputy Wengert's conduct, and the damages were a reasonably foreseeable consequence of Deputy Wengert's conduct. You may not award compensatory damages for minor physical injuries such as cuts, scrapes, and bruises.  You may not award damages for emotional

injuries unless they are accompanied by more than minimal physical injury.[14]

To determine whether and how much Mr. Chatman should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury—tangible and intangible. Mr. Chatman does not have to introduce evidence of a monetary value for intangible things like mental anguish. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Mr. Chatman has proved them by a preponderance of the evidence, and no others:

(a) Mr. Chatman's physical injuries, including ill health, physical pain and suffering, disability, disfigurement, discomfort, and any such physical harm that Mr. Chatman is reasonably certain to experience in the future; and

(b) Mr. Chatman's mental and emotional distress and any related harm that Mr. Chatman is reasonably certain to experience in the future.

Punitive Damages: If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must provide by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that Deputy Wengert's conduct was malicious. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference

---

[14] Source: Eleventh Circuit Pattern Instructions, Civil Rights Constitutional Claims 5.3.

112974300.1

to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in the amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- The reprehensibility of Defendant's conduct;
- The impact of Defendant's conduct on Plaintiff;
- The relationship between Plaintiff and Defendant;
- The likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- Defendant's financial condition;
- The relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Given  _____

Given as Modified  _____

Denied  _____

Withdrawn  _____

## JOINT Jury Instruction No.

### Duty to Deliberate When Only the Plaintiff
### Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case. [15]

Given _____
Given as Modified _____
Denied _____
Withdrawn _____

---

[15] Source:  Eleventh Circuit Pattern Instructions, Basic Instruction 3.8.1.

112974300.1

35

**JOINT Jury Instruction No.**

**Election of Foreperson**
**Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question. [16]

Given  _____
Given as Modified  _____
Denied  _____
Withdrawn  _____

---

[16]  Source:  Eleventh Circuit Pattern Instructions, Basic Instruction 3.9.

112974300.1

# EXHIBIT "B"

112974300.1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:14-cv-62793-BLOOM/Valle

REGINALD CHATMAN,

      Plaintiff

v.

DEPUTY WENGERT,

      Defendant.
_____/

## PLAINTIFF'S PROPOSED JURY VERDICT FORM

**Do you find from a preponderance of the evidence:**

1.    That Deputy Wengert intentionally committed acts that violated Mr. Chatman's right to not be subjected to excessive or unreasonable force during an arrest?

        Answer:  Yes or No  _____

        If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

2.    That Mr. Chatman should be awarded compensatory damages against Deputy Wengert to compensate Mr. Chatman for physical and emotional injury?

        Answer:  Yes or No  _____

        If your answer is Yes, in what amount?        $_____

        [[If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.]] (only to be included if nominal damages not sought)

112974300.1

[[3.    That Mr. Chatman should be awarded nominal damages against Deputy Wengert?

      Answer:  Yes or No  _____

      If your answer is Yes, in what amount?        $_____]]

3.    That punitive damages should be assessed against Deputy Wengert?

      Answer:  Yes or No  _____

      If your answer is Yes, in what amount?        $_____


      SO SAY WE ALL

                              _____
                              Foreperson


DATE: _____

112974300.1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:14-cv-62793-BLOOM/Valle

REGINALD CHATMAN,

      Plaintiff

v.

DEPUTY WENGERT,

      Defendant.
      _____/

## **DEFENDANT'S PROPOSED JURY VERDICT FORM**

We, the Jury, return the following verdict:

### 42 U.S.C. § 1983 Excessive Force Claim

1.    Do you find by a preponderance of the evidence that DEPUTY GERALD WENGERT intentionally committed acts that violated REGINALD CHATMAN'S federal constitutional right not to be subjected to excessive force during an arrest?

      Yes _____    No _____

      Instruction: If you answered "No," your verdict is for the Defendant and you should not proceed any further, except to date and sign this verdict form and return it to the Courtroom.  If your answer is "Yes," proceed to Question No. 2.

2.    Do you find by a preponderance of the evidence that DEPUTY GERALD WENGERT'S acts were the proximate or legal cause of damages sustained by REGINALD CHATMAN?

      Yes _____    No _____

      Instruction: If you answered "No" to Question No. 2, your verdict is for the Defendants and you should not proceed any further, except to date and sign this verdict form and return it to the Courtroom.  If you answer is "Yes" to Question No. 2, continue with Question No. 3.

3.      Do you find by a preponderance of the evidence that DEPUTY GERALD WENGERT'S acts caused REGINALD CHATMAN to suffer a physical injury that was more serious than a minor injury?

Yes _____      No _____

Instruction: If you answered "No" to Question No. 3, your verdict is for the Defendants and you should not proceed any further, except to date and sign this verdict form and return it to the Courtroom.  If you answer is "Yes" to Question No. 3, continue with Question No. 4.

**Damages**

4.      Do you find by a preponderance of the evidence that REGINALD CHATMAN should be awarded compensatory damages caused by the acts of DEPUTY GERALD WENGERT to compensate him for his physical injury?

Yes _____      No _____

a.      If you answered Yes, in what amount? _____

5.      Do you find by a preponderance of the evidence that REGINALD CHATMAN should be awarded compensatory damages caused by the acts of DEPUTY GERALD WENGERT to compensate him for his emotional injury?

Yes _____      No _____

a.      If you answered Yes, in what amount? _____

6.      Do you find by a preponderance of the evidence that DEPUTY GERALD WENGERT acted with malice or reckless indifference to the Plaintiff's federally protected rights and if so, should punitive damages be assessed against DEPUTY GERALD WENGERT?

Yes _____      No _____

a.      If you answered Yes, in what amount? _____

SO SAY WE ALL THIS _____ DAY OF _____, 2017.

_____
Foreperson

112974300.1