**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 14-cv-62793-BB**

REGINALD CHATMAN,
     Plaintiff,

v.

DEPUTY GERALD WENGERT,
     Defendant.

_____/

## JOINT PRETRIAL STIPULATION

Plaintiff, Reginald Chatman ("Mr. Chatman"), and Defendant, Deputy Gerald Wengert

("Wengert"), hereby file this Joint Pretrial Stipulation pursuant to the Court's August 15, 2017

Order Scheduling Trial and Order of Instructions Before Calendar Call, as amended.

## JOINT NEUTRAL STATEMENT OF THE CASE
### (For purposes of the Court informing the jury during voir dire)

Plaintiff, Reginald Chatman, seeks compensatory and punitive damages against

Defendant, Deputy Wengert, pursuant to 42 U.S.C. § 1983.  Mr. Chatman alleges that on

November 10, 2014, Deputy Wengert violated Mr. Chatman's Fourth Amendment constitutional

rights by using excessive force while placing Mr. Chatman under arrest.  The parties have

stipulated that Deputy Wengert ordered his K9 partner, Diesel, to engage Mr. Chatman.  The

parties have also stipulated that Mr. Chatman's arrest and Deputy Wengert's initial decision to

order Diesel to engage Mr. Chatman were lawful.  Mr. Chatman's claim in this case is that

Deputy Wengert failed to order Diesel to release Mr. Chatman within a reasonable period of

time, which constituted excessive force under the circumstances and resulted in compensable

injuries.  Deputy Wengert denies Mr. Chatman's claim that he failed to order Diesel to release

him within a reasonable period of time, maintains that reasonable force was used in

1

apprehending Mr. Chatman under the circumstances, and denies that Mr. Chatman suffered any compensable injuries.  The parties have stipulated that, at all material times, Deputy Wengert acted under color of state law and that his arrest of Mr. Chatman was in the course and scope of his employment as a Broward County Sheriff's Office Deputy duly appointed by the Sheriff.

I.    **UNDISPOSED MOTIONS OR OTHER MATTERS REQUIRING ACTION BY COURT**

1.    Plaintiff's Motion to Exclude Evidence Concerning Prior and Underlying Crimes [DE _____].

2.    Plaintiff's Motion to Exclude Portions of Medical Records under Fed. R. Evid. 401 and 403 [DE _____].

3.    Plaintiff's Unopposed Motion to Permit Plaintiff to Attend Trial in Civilian Clothing [DE _____].

4.    Plaintiff's Motion for Plaintiff to be Unrestrained in the Courtroom [DE _____].

5.    Plaintiff's Motion in *Limine* [DE _____].

6.    Defendant's Motion to Compel Discovery or in the Alternative Motion for Leave to File Additional Interrogatories. [DE 130].

7.    Defendant's Notice of Need for Additional Discovery. [DE _____].

8.    Defendant's Motion in *Limine* [DE _____].

II.    **CONCISE STATEMENT OF UNCONTESTED FACTS WHICH WILL REQUIRE NO PROOF AT TRIAL**

1.    Mr. Chatman is an inmate currently incarcerated by the Florida Department of Corrections ("FDOC") at South Florida Reception Center.

2.    Mr. Chatman has been convicted of four felonies for purposes of impeachment

2

112977079.1

under Fed. R. Evid. 609.[1]

3.     Mr. Chatman has been convicted of one misdemeanor crime involving dishonesty for purposes of impeachment under Fed. R. Evid. 609.[2]

4.     Deputy Wengert, at all material times, was a canine deputy with the Broward County Sheriff's Office duly appointed by the Sheriff.

5.     Deputy Wengert had probable cause to pursue Mr. Chatman with his K9 unit for fleeing the scene of an arrest.

6.     On November 10, 2014, Deputy Wengert ordered his K9 partner, Diesel, to engage Mr. Chatman during his arrest.

7.     Deputy Wengert is responsible for ordering Diesel on to engage a suspect and ordering Diesel to release a suspect.

8.     Diesel has never disobeyed an order to release a suspect when commanded to do so by Deputy Wengert.

9.     Deputy Wengert, at all relevant times in this case, acted under color of state law.

10.    Mr. Chatman's arrest was lawful.

11.    Deputy Wengert's initial decision to order his K-9 partner, Diesel, on to Mr. Chatman was lawful.

---

[1] The parties agree to consult with each other if they identify additional felonies that satisfy the relevant standard, and to amend the above as necessary.

[2] The parties agree to consult with each other if they identify additional misdemeanor crimes involving dishonesty that satisfy the relevant standard, and to amend the above as necessary.

III.     **ISSUES OF FACT WHICH REMAIN TO BE LITIGATED AT TRIAL**

1.     Whether Deputy Wengert allowed Diesel to continue to bite and hold Mr. Chatman for an unreasonable period of time before Deputy Wengert ordered Diesel to release Mr. Chatman.

2.     Whether Deputy Wengert intentionally used excessive force against Mr. Chatman on November 10, 2014.

3.     Whether Deputy Wengert's actions caused Mr. Chatman's injuries.

4.     Whether Mr. Chatman's injuries are more than minor injuries.

5.     Whether Mr. Chatman's injuries have monetary value or are quantifiable with reasonable certainty.

6.     Whether Deputy Wengert acted with malice or reckless indifference to Mr. Chatman's federally protected rights.

7.     The nature, extent, and amount of Mr. Chatman's compensatory damages if any, for the injuries he sustained as a result of Deputy Wengert's conduct.

8.     Whether punitive damages should be assessed against Deputy Wengert, and if so, in what amount.

IV.     **CONCISE STATEMENT OF ISSUES OF LAW ON WHICH THERE IS AGREEMENT**

1.     This is a Fourth Amendment excessive force case.

2.     This Court has jurisdiction over the subject matter and the parties.

3.     Venue is proper.

4.     Mr. Chatman is entitled to seek reasonable attorney's fees under 42 U.S.C. § 1988 if he is the prevailing party.

4

5.      Deputy Wengert is entitled to seek reasonable attorney's fees under 42 U.S.C. § 1988 if he is the prevailing party.

6.      The parties stipulate that the following documents are authentic and admissible, in order to dispense with records custodians or other qualified persons for foundational requirements:

- Florida Medical Center records:  FMC0004 to FMC0029

- Photographs of Mr. Chatman at Florida Medical Center:  (ECF No. 61-13 at 6-14); (Wengert-00038-Wengert-00046); (ECF No. 61-8 at 1-9)

- Broward Sheriff's Office Communications Division In-House Summary Sheet ("CAD"):  Wengert-00001 to Wengert-000017; DE 16-16 at 20-22.

- Armor Correctional records:  Armor00001to Armor00154.

- Tamarac Fire Rescue records: TFR0001-TFR0002.

7.      The parties stipulate that all documents referenced in ¶ 6 above meet the foundation requirements for admissibility, qualify as business records for admissibility, and/or qualify as public records for admissibility.  Notwithstanding, before trial the parties reserve the right to raise any objections to the admissibility of specific portions of the aforementioned documents.

## V.    CONCISE STATEMENT OF ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT

Beyond the pending and upcoming motions before the Court, none.

## VI    ESTIMATED TRIAL TIME

The parties estimate that the trial in this matter will require two to three days to complete.

## VII.   JOINT WITNESS LISTS

The parties respectfully submit their Joint Witness Lists as Exhibit A hereto.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certify that they each agree to the

foregoing submission, which is filed jointly.

Dated: September 26, 2017                          Respectfully submitted,

*/s/ Gary M. Pappas*
Gary M. Pappas (FBN 705853)
GPappas@carltonfields.com
Michael D. Sloan (FBN 104385)
MSloan@carltonfields.com
CBussone@carltonfields.com
SOlit@carltonfields.com
miaecf@cfdom.net
CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower, Suite 4200
100 S.E. Second Street
Miami, Florida 33131
Telephone:  (305) 530-0050
Facsimile:  (305) 530-0055
*Counsel for Plaintiff Reginald Chatman*

*/s/ Richard T. Woulfe*
RICHARD T. WOULFE
Florida Bar No. 222313
rtw@bclmr.com
BRAD KIMBER
Florida Bar No. 98634
bjk@bclmr.com
BILLING, COCHRAN, LYLES, MAURO
 & RAMSEY, P.A.
515 East Las Olas Boulevard, 6th Floor
Fort Lauderdale, FL 33301
Phone: 954-764-7150
Fax: 954-764-7279
*Counsel for Defendant Deputy Wengert*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 26, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is being served this day on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Gary M. Pappas*
Gary M. Pappas (FBN 705853)
